In the Matter of the Claim of GRANT STEVENS, Respondent, against HULL GRUMMOND & CO., INC., and GLOBE INDEMNITY COMPANY, Appellants, and WHIPPLE, INC., and STATE INSURANCE FUND, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

This is an appeal from an award in favor of the claimant against two joint employers and their respective insurance carriers. The claimant was employed by the two employers, by one as a watchman and by the other as a janitor; from one he received eighteen dollars a week and from the other two dollars and fifty cents. He was injured while putting papers on an elevator which he had picked up in connection with his work for Whipple, Inc., and was going to take them down in the elevator to the basement of the building. He was required by one employer to ring several time clocks and by the other to clean their premises. He was under no particular directions as to how the work should be done. It is claimed by Whipple, Inc., that he was an independent contractor. The evidence does not support this. It is claimed that if he was not an independent contractor then the compensation ought to be apportioned according to the amount which he received from each employer. There is evidence in the record to support the findings of the Board, and under the authority of *Matter of Green* v. *Shaner* (225 App. Div. 713), the award should have been made against both employers.

Award affirmed, with costs to the State Industrial Board.

Hill, P. J., Crapser and Bliss, JJ., concur; McNamee, J., dissents, with an opinion, in which Rhodes, J., concurs.

McNAMEE, J. (dissenting). Hull Grummond & Co. was the landlord and Whipple, Inc., leased a part of the premises from the landlord. Claimant was employed by the landlord as watchman and fireman at eighteen dollars a week; and he was permitted to sweep out and remove papers from the part of the premises occupied by Whipple, Inc., for which the latter paid him two dollars and fifty cents per week. The cleaning up was done between " rounds " as watchman. In the nature of the employment the watchman's job was continuous. Claimant was injured while removing papers for Whipple, Inc. Although claimant received about two-fifteenths of his entire compensation from Whipple, Inc., and about thirteen-fifteenths from Hull Grummond & Co., an award was made payable equally by these employers. I regard the award as unreasonable and unjust, and also a violation of the statute. The employments were entirely separate and the jobs unrelated, except as to time and place; and no task was done for either employer in

which the other was concerned. While the Board may not be required to be arithmetically accurate in the apportionment of awards, the disparity here is such as to challenge the conscience. And, further, it seems to me that this sweeping and composite decision disregards the judicial function. Subdivision 6 of section 15 of the Workmen's Compensation Law provides the limits of compensation; and, also, that it shall not " be less than eight dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight dollars per week, he shall receive his full weekly wages." In so far as Whipple, Inc., was concerned, and its insurance carrier, complainant received two dollars and fifty cents per week, but the award required them to pay four dollars and sixty cents per week. The award here disregards the contract of labor between complainant and Whipple, Inc., for a wage of two dollars and fifty cents a week, and the contract of insurance between Whipple, Inc., and its carrier, for a premium on that basis. But, despite this weekly wage base, they are required to pay compensation in excess of that amount, and that in contravention of the statute.

Rhodes, J., concurs.